1  Scott J. Ferrell (Bar No. 202091)
   sferrell@pacifitrialattorneys.com
2  David W. Reid (Bar No. 267382)
   dreid@pacifictrialattorneys.com
3  Richard H. Hikida (Bar No. 196149)
   rhikida@pacifictrialattorneys.com
4  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
5  4100 Newport Place Drive, Suite 800
   Newport Beach, CA 92660
6  Tel: (949) 706-6464
   Fax: (949) 706-6469
7
   Attorneys for Defendant
8  Iovate Health Sciences U.S.A. Inc.

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOHAMMED DABOUSSI, on behalf of himself, all others similarly situated, and the general public,<br><br>  Plaintiff,<br><br>vs.<br><br>IOVATE HEALTH SCIENCES U.S.A., INC. and DOES 1 -10,<br><br>  Defendants. | Civil Action No. 2:16-cv-8049<br><br>Los Angeles County Superior Court No. BC635205<br><br>**DEFENDANT IOVATE HEALTH SCIENCES U.S.A. INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441 [DIVERSITY], AND §§ 1332(d), 1453 [CAFA]** |

**PLEASE TAKE NOTICE THAT** Defendant Iovate Health Sciences U.S.A. Inc. ("Iovate") hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, 1446, and 1453. As grounds for removal, Iovate states as follows:

## PRELIMINARY STATEMENT

1. This Action is a civil action of which this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453, on the grounds that: (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) Defendant is a Delaware corporation with its principal place of business in Ontario, Canada; (c) no other defendant is a citizen of California; (d) Plaintiff is a resident of California who seeks to represent a putative class of California consumers; and (e) the amount in controversy based on the allegations placed at issue in the Complaint exceeds $5,000,000.

2. Iovate generally denies the allegations made by plaintiff Mohammed Daboussi ("Plaintiff"), disputes the claims asserted by Plaintiff, and disputes that Plaintiff is entitled to any relief. Iovate discusses Plaintiff's allegations and claims solely to demonstrate the proprietary of removal.

## NATURE OF THE ACTION

3. This action was commenced on September 26, 2016, with the filing of a complaint ("Complaint") in the Superior Court of the State of California, County of Los Angeles, styled *Mohammed Daboussi v. Iovate Health Sciences, U.S.A., Inc.*, case number BC635205.

4. The Complaint alleges a variety of claims against Iovate arising out of the sale of Garcinia Cambogia Plus, Garcinia Cambogia Plus Gummies, Coconut Oil, Green Coffee Bean, Matcha Green Tea Plus, Probiotics Plus Weight Loss, Raspberry Ketones Plus, Konjac Root Plus, Xendadrine Core, and Xemdadrine Ultimate (the "Weight Loss Products"). These claims include alleged violations of California's

Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*, California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*, California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*, breach of express warranties, Cal. Comm. Code §2313(1), and breach of implied warranty of merchantability, Cal. Comm. Code § 2314.

5. Plaintiff seeks relief on behalf of a putative class of purchasers of Iovate's produces defined as "all persons in California who in the past four years (the "Class Period"), purchased, for personal or household use, and not for resale or distribution purposes, any of the Weight Loss Products." (Compl. ¶ 34.)

6. The Complaint seeks money damages, restitution, disgorgement of all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice, injunctive relief, and other relief including reasonable attorneys' fees, costs, expenses, pre-judgment interest, and post-judgment interest.

7. Iovate is the only defendant named in the Complaint. Iovate is not aware of the existence of, or service of any "Doe" defendant; consequently no further consent to removal is required.

8. This notice of removal is timely under 28 U.S.C. § 1446 because service of the Summons and Complaint has yet to occur to date.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1453

9. As set forth more fully below, removal is proper under 28 U.S.C. §§1332(d) and 1453 because this case is (a) proposed "class action" as defined in 28 U.S.C. 1332(d)(1)(B); (b) in which the Plaintiff and the putative class members are citizens of a state different from Iovate; and (c) the amount in controversy exceeds $5,000,000. Alternatively, removal is proper pursuant to 28 U.S.C. §1332(a) and 1441(a) because there (a) there is complete diversity of citizenship and (b) the amount in controversy exceeds $75,000.

**Removal Pursuant to 28 U.S.C. §§ 1332(d) and 1453**

10. This Court has original subject matter jurisdiction over this action pursuant to CAFA. *See* 28 U.S.C. § 1332(d). Pursuant to CAFA, a federal district court shall have original jurisdiction of any "class action" composed of 100 or more putative class members, where any member of the proposed class is a citizen of a state different from any defendant, and the amount placed in controversy exceeds $5,000,000 (exclusive of interest and costs). *See* 28 U.S.C. § 1332(d). Moreover, CAFA "abrogates the rule against aggregating claims" to reach the threshold amount in controversy requirement. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 571 (2005); *see also* 14A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3704 (3d ed. 2010) ("[CAFA] ... provides for aggregation even if no individual class member asserts a claim that exceeds $75,000.").

11. In the Ninth Circuit, when the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing by preponderance of the evidence that the amount in controversy exceeds the statutory amount. *Lewis v. Verizon Communications Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)); *Lowdermilk v. United States Bank Natl Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).

12. Although the Complaint does not allege a damages or restitution amount as to the claims, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million. *See Lowdermilk v. United States Bank Nat'l Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007). The aggregated claims in the Complaint more likely than not satisfy CAFA's $5 million amount in controversy requirement.

13. In the Complaint, Plaintiff seeks, *inter alia*, injunctive relief and an order requiring Defendants to conduct a corrective advertising campaign, disgorge or return "all monies, revenues, and profits obtained by means of any wrongful act or practice," restitution to restore all funds acquired by means of any act or practice declared by the

1  Court to be unlawful, unfair or fraudulent." (Compl. at 22:3-4, 22:5-7.) Although
Iovate denies the validity of Plaintiff's individual and class action claims, the class
stands to recover in excess of $5 million based on the allegations set forth in the
Complaint.

14.   Moreover, if the class action is successful, the class would be entitled to recover attorneys' fees, which are sought in the Complaint. (Compl. ¶ 22:9-10.) Courts have held that an award of attorneys' fees, if such fees are specifically authorized by statute, may be considered for purposes of calculating the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.* 243 F. Supp. 2d 1001, 1004 (N.D. Cal 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney's fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."). Here, if Plaintiff and/or the putative class succeed on the CLRA claim, recovery of attorneys' fees is statutorily authorized. *See* Cal. Civ. Code § 1780(e).

15.   Furthermore, Plaintiff and the purported class seek injunctive relief. (Compl. at 21:24-27; 22:1-2.) Costs of compliance with an injunction are relevant in ascertaining whether the amount in controversy is satisfied. *See Guglielmino v. McKee Food Corp.,* 506 F.3d 696, 701 (9th Cir. 2007) (removal is proper under CAFA where defendants make a showing that the aggregate costs of complying with the requested injunctive relief will likely exceed $5,000,000). Moreover, according to the Report of the Senate Judiciary Committee on the Act:

> "[I]n assessing the jurisdictional amount in declaratory relief cases, the federal court should include in its assessment the value of all relief and benefits that would logically flow from the granting of the declaratory relief sought by claimants. For example, a declaration that a defendant's conduct is unlawful or fraudulent will carry certain consequences, such as the need to cease and desist from that conduct, that will often 'cost' the defendant in excess of $5,000,000."

S. REP. 109-14 (2005), *43, 2005 U.S.C.C.A.N. 3, **41. As such, the amount in controversy must include not only the amount of damages that the putative class would receive, but also the costs of complying with any injunctive relief ordered in this action pursuant to the class claims. Pursuant to the CLRA, Plaintiff individually and on behalf of the purported class seeks an injunction barring any practice set forth in the Complaint. (Compl. ¶ 70.) As Plaintiff challenges the label claims for Iovate's Weight Loss Products, this request effectively seeks to prevent Iovate from providing the product to retailers, *i.e.*, effectively pulling the Weight Loss Products from California stores.

(a) The costs complying with such an order make clear the amount at issue in this case exceeds $5 million, and Plaintiff does not allege otherwise in the Complaint. Indeed, according to a study released by the American Society for Quality in August 2003, each product recall costs an organization "more than $8 million on average in reimbursement to the customer, recall implementation costs, and compensatory damages. This figure does not include lost sales and lost market share." *Quality Progress,* Vol. 36, No. 8, August 2003, pp. 41-49 (available at http://asq.org/qic/display-item/index.pl?item=l9199); *see also,* ABA Section of Business Law, Business Law Today, September/October 1999 ("More recently, Casablanca Fan Co.'s recall in 1997 affected 3.3 million ceiling fans with a retail value of $700 million. Similarly, Black & Decker's recall in 1997 of 750,000 coffee makers affected retail sales of approximately $49 million.") (available at http://www.abanet.org/buslaw/blt/9-1recall.html).

(b) Injunctive relief would not only require a recall of all of the Weight Loss Products in California, but could require Iovate to recall products throughout the United States and abroad, for which it would incur significant costs. Iovate provides the Weight Loss Products to national chains and online retailers; it would be unable to prevent those retailers from selling in California the Weight Loss Products as currently packaged. Thus, in order to protect Iovate's interests and ensure it is not deemed to

have violated any potential injunction, Iovate would have to engage in a nationwide recall and redesign of the Weight Loss Products packaging. *Id.* Moreover, retailers have policies which preclude California specific labeling.

16. Although Iovate denies that it is liable to any individual or that class treatment is appropriate for this case, removal is proper pursuant to 28 U.S.C. § 1332(d) and 1453 because the state court action is an action between citizens of different states, on behalf of a putative class numbering thousands, and involves an amount in excess of $5,000,000.

**Removal Pursuant to §§ 1332(a) and 1441**

17. To determine diversity of citizenship in the context of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is solely determined by the state of its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010). A corporation's nerve center is "where a corporation's officers direct, control, and coordinate the corporation's activities . . . [a]nd in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1192.

18. Iovate is a citizen of Delaware because that is its state of incorporation and a citizen of Canada because that is where the company's "nerve center" is located. From before the filing of the Complaint to the present, Iovate has not been a California citizen.

19. The amount in controversy requirement is satisfied because the Complaint seeks an order requiring Defendants to conduct a corrective advertising campaign, disgorge or return all monies, revenues and profits obtained by means of any wrongful act or practice, restitution to restore all funds acquired by means of any act or practice declared by the Court to be unlawful, unfair or fraudulent, and reasonable attorneys'

fees.  (Compl. at 21:24-22:10.)  Accordingly, the amount in controversy is over $75,000 based on the relief sought.

## ALL OTHER STATUORY REQUIREMENTS
## FOR REMOVAL ARE SATISFIED

1. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because Plaintiff filed his action in the Superior Court of California for the County of Los Angeles.  The United States District Court for the Central District of California is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

2. Removal is timely because Iovate has yet to be served with process and the Complaint in the Action to date.  28 U.S.C. § 1446(b).

3. To date, there are no "process, pleadings, and orders served upon" Iovate in this Action.  28 U.S.C. § 1446(a).  (Ferrell Decl. ¶ 2.)  Nevertheless, attached to this Notice of Removal is a copy of the Complaint in this Action, which Iovate obtained not via proper service of process of the Summons and Complaint.  (Ferrell Decl. ¶ 3 Ex. 1.)

4. Iovate will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of Los Angeles.  28 U.S.C. § 1446(d).

5. Iovate reserves the right to amend or supplement this Notice of Removal.

6. Iovate also reserves all defenses, and the filing of this notice of removal is subject to, and without waiver of, all available defenses.

WHEREFORE, Iovate respectfully removes this action from the Superior Court of the State of California for the County of Los Angeles to this Court.

Date: October 28, 2016
PACIFIC TRIAL ATTORNEYS
A Professional Corporation

By: */s/Scott J. Ferrell*
Scott J. Ferrell
Attorneys for Defendant
Iovate Health Sciences U.S.A. Inc.

# **CERTIFICATE OF SERVICE**

(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660.

On October 28, 2016, I have served the foregoing document described as **DEFENDANT IOVATE HEALTH SCIENCES U.S.A. INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441 [DIVERSITY], AND §§ 1332(d), 1453 [CAFA]** on the following person(s) in the manner(s) indicated below:

| | |
|---|---|
| Martin E. Jerisat<br>2372 Morse Ave., Suite 322<br>Irvine, CA 92614<br>714-571-5700 | |
| Gordon G. Phillips<br>1600 North Broadway, Suite 650<br>Santa Ana, CA 92706<br>714-541-3000 | |

**[ ]** (BY ELECTRONIC SERVICE) I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

**[X]** (BY MAIL) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

**[X]** (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on October 28, 2016, at Newport Beach, California.

_____
Mandy K. Jung